TEXAS & NEW ORLEANS RAILROAD COMPANY V.
BERNARD R. KELLY.

Decided December 10, 1903.

**1.—Personal Injuries—Negligence—Verdict.**

Evidence held sufficient to establish negligence on the part of the defendant company, negative the issue of contributory negligence on the part of the plaintiff, and support a verdict for damages in the sum of $30,000.

**2.—Same—Charge of Court.**

It is correct for the trial court to submit to the jury the law of the case applicable to issues pleaded and the evidence tending to support the same. See the opinion for a charge of the court in an action for personal injuries conforming to the principle, and as not obnoxious to the objection that it assumed facts not presented by the proof or in anywise infringed upon the province of the jury.

**3.—Same—Proximate Cause—Requested Instruction.**

Because the plaintiff may have known of the danger of using a hand car without a brake he did not take the risk of the negligence of the defendant in erecting an obstruction. To have relieved the defendant in this instance the use of the defective car must have been the direct cause of the injuries, without which the accident would not have happened and the injuries the proximate result thereof. Requested charge was properly refused because it ignored the alleged negligence of defendant in the erection of the obstruction.

**4.—Same—Assumed Risk—Servant's Knowledge.**

It was the defendant's duty to exercise ordinary care to furnish a safe track for the plaintiff to travel over to and from his work, and the plaintiff had the right to assume that it would do so. The plaintiff assumed the risks of which he had knowledge, or by the exercise of ordinary care could have discovered, but he was under no obligation to look out for the master's negligence. Charge stating this principle was correct.

**5.—Same—Charge.**

Objecting to the sufficiency of a charge correct as far as it goes, it devolves upon the party desiring fuller charges to seek the same by requested instruction.

**6.—Same—Requested Instructions.**

Requested instructions, embodied so far as they are correct in the general charge, are correctly refused.

**7.—Evidence—Expectancy of Life.**

Standard mortality tables are competent as evidence of the probable duration of life.

**8.—Measure of Damages—Charge.**

Note a charge on the measure of damages held not subject to objection as authorizing double damages.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Baker & Lovett, Andrews & Ball,* and *C. L. Carter,* for appellant.

*Lovejoy & Malevinsky,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Harris County by Bernard R. Kelly against the Texas & New Orleans Railroad Company to recover damages for personal injuries received by Kelly while he was in the employment of the company, resulting, as alleged, from its negligence.

The petition showed that the plaintiff was at work for the defendant as the foreman of a gang of men in the construction and extension of its line of railroad from Rockland to Cedar, in Nacogdoches County; that while riding on a hand car about noon, March 13, 1901, going from his place of work to his camp for dinner, he ran into an obstruction upon the track and was seriously injured. The alleged acts of negligence on the part of the defendant were that it erected and permitted to remain across the track a dangerous and hazardous obstruction consisting of heavy poles, and did not warn the plaintiff of its presence. The defendant answered by general demurrer and general denial, and special pleas in bar of facts to show assumed risk and contributory negligence. One of the facts alleged was that the plaintiff was using a hand car that he knew to be defective in that it was without a brake. In a supplemental petition the plaintiff admitted that the hand car he was using was defective in the respect alleged, and pleaded that he had been directed to use it by a superior officer. A supplemental answer was filed by the defendant demurring to the supplemental petition, and denying its allegations of fact. After the court had overruled the demurrers the cause was tried by jury and resulted in a verdict and judgment in favor of the plaintiff for $30,000.

At the time he received the injuries complained of the plaintiff was in the employment of the defendant as foreman of a bridge gang, and was working near the town of Nacogdoches in the construction of the extension of the defendant's railroad from Rockland to Cedar. The company was building its track north from Rockland and had reached a point near Nacogdoches, but that part of the road had not been finished, and trains were running only as far as Huntington, several miles south of the place of the accident. The track over which the plaintiff was riding when he was injured had been constructed two or three days. It had not been surfaced up and was in an unfinished condition, and had not been turned over to the proper department for the operation of trains. As foreman, the plaintiff had charge of a gang of men in camp about three miles south of Nacogdoches, and working between the camp and that town. On the morning of the accident, March 13, 1901, he went out to work with twenty men to fix a cattle guard and build a bridge, using two hand cars furnished by the company for the transportation of the men and tools. One of the hand cars had no brake on it and had been in that condition for about two weeks. The plaintiff had had a brake made for the car the day before, and when the men were ready to start out to work on the morning of the accident and one of them was about to fix it on the car, George Connors, the superintendent of the bridge and building department, and the superior officer of the plaintiff, peremptorily ordered Kelly to let the brake go and get the men out to work. Plaintiff obeyed the order and the brake was laid on the car and taken along to be fixed on later, but after the men had reached their place of work it was discovered that they had no suitable nut for fastening it on, and it was not attached to the car. Angelina

River is about thirteen miles south of the town of Nacogdoches, and in its construction from the river the roadbed had passed through several inclosures. There was one near the river where a temporary fence was placed across the track to protect the inclosure until a proper cattle guard could be put in. There were several sets of bars across the track, according to some of the testimony four, similar to the one at which the plaintiff was injured, between the place of the accident and where plaintiff was at work that morning. These bars were made by planting two posts upright in the ground on each side of the track, with cleats supporting poles placed across, that could be taken down and put up at will. They were erected under the direction of the plaintiff.

When the plaintiff started out to work he took the two hand cars and placed them on the track, the one without a brake in front, and went north along the railroad to work. He left one gang of seven men with the rear car at a place where they were to put in a temporary cattle guard. With the rest of the men the plaintiff went on to Lananna Creek, where they were building a bridge. At noon the men left off and started to return to camp for dinner. The men at the cattle guard, upon the approach of the others, put their car on the track in front of them and both cars were propelled along the track at a speed estimated by the witnesses at from eight to twelve miles an hour. There was nothing unusual in the speed of the car or the manner of its operation. Six or seven men make a load for a hand car, and the car upon which the plaintiff was riding was heavily loaded and crowded. Plaintiff was sitting on the car in front, between two other men, with his feet hanging above the track over the end of the car. They stopped at each of the sets of bars through which they had passed going out to work and took them down and put them up again, and after they had passed the last one of them, and were running along, they suddenly discovered another set of bars which had been put up that morning as a temporary cattle guard at an inclosure under the direction of W. C. Todd, the foreman of the track-laying men, and of which they had no previous knowledge. The men on the car in front with the brake succeeded in preventing it from striking the bars with much force and no one on it was injured, though some of them were thrown off and others jumped off. The other car, which was running at a distance of fifty or sixty yards behind the car in front, ran violently into it and the plaintiff and others were injured. From the place of the accident, back toward Nacogdoches, the track was straight for a considerable distance, and the obstruction could have been seen plainly for a quarter of a mile. The hand cars were running on a down grade, but the grade rose just at the point of obstruction. There was evidence that the wind was blowing and that it was dusty; that the bars were made of brown pine poles the color of the track, and that the fence on either side had been thrown down as far from the track as the edge of the barrow pits. The plaintiff belonged to the bridges and buildings department, and put in temporary cattle guards whenever he was so instructed. Todd, who had the bars put up

into which the hand car ran, was engaged in track laying. There was evidence that it was not customary to put fences or obstructions across the roadbed after the track was laid, and that plaintiff knew of that custom. No notice or warning of any character was given of the erection or presence on the track of the bars that caused the accident. There was no rule as to the distance apart the hand cars should have been run, or custom as to the place the plaintiff should have occupied on the car, or providing for a lookout. If the rear car had been equipped with a brake it is probable that it could have been stopped and the collision prevented. The distances from the front car to the obstruction, and between the front car and the one in the rear when the obstruction was first discovered, were variously estimated, but it was shown that the rear car was too close to the front car to have been stopped without a brake before running into it. The plaintiff's injuries were to the back and spine, and a concussion of the spinal cord, and have resulted in the total paralysis of his lower limbs, and to some extent of his bowels. He suffered great pain in the back and thighs. His eyes and digestion are affected, and the pain keeps him awake. He had shown no improvement within a year, and it was the opinion of physicians that the paralysis of his lower limbs was permanent and he would never improve. The testimony as to the plaintiff's condition was uncontradicted. He was 54 years old and was earning from $100 to $125 a month.

There is evidence to support the verdict of the jury that the plaintiff was injured by the negligence of the defendant in putting the obstruction on the track without warning the plaintiff of the presence thereof; that when he received the injuries the plaintiff was exercising due care in the use of the hand car, and that the plaintiff has sustained damages in the amount found by the jury. And the facts so found by the jury are adopted as the conclusion of this court.

The assignments of error which question the sufficiency of the evidence to support the facts found by the jury need not be further considered, and do not require separate disposition. It is enough to say that in the opinion of the court they were sufficient to show that the plaintiff was injured by the negligence of the defendant, without fault on his part, and sustained damages to the amount of the judgment. The negligence of the defendant was shown by the construction of the bars across the track at a place where the fence of the inclosure was thrown down so that it would not attract attention to the presence of the bars, which were of pine poles covered with brown bark of the color of the ground, and put up under such circumstances as that the men at work on the track, and coming in on the hand cars, would not be on the lookout for their presence, and would not be expecting to encounter such obstructions, since it also was not customary to put them across the roadbed after the track had been laid; and was also negligent in not giving some warning or notice to the workmen operating the hand cars of the presence of the obstruction, which may have been easily done by setting up a flag or personally notifying the men. The plaintiff and his men had

no knowledge of the existence of the obstruction that caused the accident, and had no reason to suppose that any other temporary cattle guards would be erected, although he knew that cattle guards were being put up at inclosures. The wind was blowing, and the dusty atmosphere obscured the vision, and prevented the plaintiff and his men from seeing as distinctly as they might have seen. There was no reason why they should have kept a special lookout, as they supposed they had a clear track, and although they might have discovered the obstruction sooner by close observation, the color and form of the bars, and the fact that the fence on either side had been thrown down, tended to prevent their doing so. The cars were not being run at a dangerous rate of speed, nor, considering the improbability of the obstruction, was the rear car being run too close to the front car, although it was without a brake. The use of the car without a brake in going the short distance from the place where the men were at work to their camp over a track with which they were familiar, and through obstructions which they had themselves put up and expected to encounter, was sufficient to free plaintiff from the charge of contributory negligence; and he should not be charged with an assumption of the risk as one ordinarily incident to the service. These facts at least required the case to be submitted to the jury and there is no reason shown why their conclusion should be set aside. The amount of the judgment is large, but the injuries were very great. The plaintiff suffered great pain at the time of the accident, and continues to suffer pain, and will suffer pain as long as he lives. He is a hopeless paralytic, and will never recover the use of his lower limbs. His natural functions in the discharge of waste from his body are impeded and distressful. He suffers from insomnia and his eyesight is impaired. It would be hard to conceive a case where the wreck was more complete and the subject live. The verdict should not be disturbed for its amount.

The second assignment of error complains of the following portion of the general charge of the court, to wit:

"You are instructed that the undisputed evidence in the case is that the hand car did not have a proper and sufficient brake. If you believe from the evidence in the case in this connection that the plaintiff, Barney Kelly, was guilty of contributory negligence, as that term has heretofore been defined and explained to you, in using the hand car at the time and place, and under the circumstances alleged by him in his petition, then your verdict should be in favor of the defendant. You are instructed in this connection, however, that if you should believe from the evidence that the plaintiff's superior officer directed him to use the hand car without a brake, then you are further instructed that unless the danger of using said hand car in that condition was so apparent that an ordinarily prudent man would not have used the same under the same or similar circumstances, the plaintiff would not be guilty of contributory negligence in that respect. But if you should believe from the evidence that the plaintiff was instructed by his superior officer to use the hand car without the brake, and if you believe from the evidence that

the danger of using the hand car at the time and place, and under the circumstances as alleged by the plaintiff in his petition, was one of such apparent danger that an ordinarily prudent man would not have used the same under the same or similar circumstances, then your verdict should be in favor of the defendant railroad company, or if you believe from the evidence that plaintiff used the said hand car in a negligent manner, and by reason of negligence plaintiff was injured, then you will find for defendant, although you may believe the defendant was guilty of negligence."

The defendant's objections to this part of the charge are: (1) It limits the consideration of the question of using a defective hand car to the time and place and circumstances alleged by plaintiff in his petition, to the exclusion of the facts in evidence and the allegations in the answer of negligence in using it in a negligent manner. (2) It was error for the court to charge the jury under the facts of the case "that if you should believe from the evidence that the plaintiff's superior officer directed him to use the hand car without a brake, then you are further instructed that unless the danger of using said hand car in that condition was so apparent that an ordinarily prudent man would not have used the same, under the same or similar circumstances, the plaintiff would not be guilty of contributory negligence in that respect." (3) It was misleading and confusing because it directed the consideration of the jury only to the question of the apparent danger of using the defective car at the time the order was given, and practically removed from their consideration the question of negligence in the manner of its use. (4) It assumed the existence of a controverted fact, to wit, that the plaintiff used the hand car at the time and place and under the circumstances alleged by him in his petition.

The use of the car without a brake by the plaintiff was pleaded by the defendant as contributory negligence on his part, and the plaintiff by a supplemental petition pleaded that he had been ordered to use the car by his superior officer. It was an admitted fact that the car was used without a brake and there was testimony to show that the plaintiff was ordered to use it by his superior officer, Conners. As a proposition of law it was correct for the court to submit to the jury the law of the case applicable to issues pleaded and the evidence tending to support the same. Missouri, K. & T. Railway Co. v. McGlamory, 89 Texas, 635; St. Louis S. W. Railway Co. v. Cassedav, 92 Texas, 525.

It is contended, however, that the charge limited this application to "the time and circumstances alleged by the plaintiff in his petition." The answer setting up the plea of contributory negligence does not allege its use at any other time or place or under other circumstances, except that the supplemental petition seeks to justify the use by alleging the order of Connors. But the concluding part of the paragraph submitted the general alternative, "or if you believe from the evidence that the plaintiff used the said hand car in a negligent manner, and by reason of the negligence plaintiff was injured, then you will find for defendant,

although you may believe the defendant was guilty of negligence." The effect of the whole paragraph was not to limit the jury in their consideration of the question of the plaintiff's negligence. With respect to the second objection, that under the circumstances the court should not have charged that the plaintiff would be guilty of contributory negligence if he was directed to use the car without a brake by a superior officer unless the danger of using the car in that condition was so apparent tl at an ordinarily prudent man would not have used the same under the same or similar circumstances. Obedience to an order will not relieve the servant from the exercise of care, and the jury were so charged. But it is contended that because the plaintiff knew of the defective condition of the car and Connors gave the order five hours before the accident occurred, the order was not given with reference to the use of the car at the time of the accident, and that it was given a sufficient length of time before for the brake to have been fixed. The rule stated in a note in 58 Law. Rep. Ann., 755, commends itself as correct. It is thus stated:

"But by almost all courts it is held that the fact of the servant's having been directly ordered to do the act which caused the injury introduces into the situation a differentiating circumstance, which will render his contributory negligence a question for the jury in nearly every conceivable state of the evidence. It does not follow that because the servant could justify a disobedience of the order he is guilty of negligence in obeying it."

The question therefore seems to have been properly submitted to the jury The charge is not subject to the criticism made by the third proposition, for it did not direct the jury to the question of apparent danger at the time the order was given. It necessarily referred to the use of the car at the time of the accident. The charge did not assume the existence of any controverted fact, and the fourth proposition is not well founded.

Special instruction number 12 requested by the defendant, as shown by the third assignment of error, was properly refused because it ignored the alleged negligence of the defendant in putting the obstruction across the track. Because the plaintiff may have known of the danger of using the hand car without a brake he did not take the risk of the negligence of the defendant in the erection of the obstruction. To have relieved the defendant, the use of the defective car must have been the direct cause of the injuries, without which the accident would not have happened, and the injuries the proximate result thereof. Gonzales v. City of Galveston, 84 Texas, 7; Mo. P. Railway Co. v. Sommers, 78 Texas, 442; Railway Co. v. Green, 90 Texas, 257.

The paragraph of the charge set out in the fourth assignment of error is as follows:

"You are instructed that the plaintiff, Barney Kelly, while employed by the defendant, unless he knew to the contrary, had the right to rely upon the assumption that the defendant would use and exercise ordinary care in the operation of its track. It was plaintiff's duty to use his

senses and take note of and observe whatever was open and patent to common observation, and to use ordinary care to protect himself from injury, and if you believe from the evidence that the plaintiff could have seen the obstruction on the track in time to have prevented injury to himself, by the exercise of ordinary care on his part, then your verdict should be in favor of the defendant."

It was the duty of the defendant to exercise ordinary care to furnish a safe track for the plaintiff to travel over to and from his work and the plaintiff had the right to assume that it would do so. The plaintiff assumed the risk of which he had knowledge or by the exercise of ordinary care could have discovered, but he was under no obligation to look out for the master's negligence. San Antonio & A. P. Railway Co. v. Brooking, 51 S. W. Rep., 537; Bonnet v. Railway Co., 89 Texas, 72; Smith v. Railway Co., 65 S. W. Rep., 83; International & G. N. Railway Co. v. Bearden, 71 S. W. Rep., 559.

The petition alleged negligence in the erection of a dangerous and hazardous obstruction across the track and the evidence authorized the charge, and it did not improperly qualify the duty of the plaintiff to use ordinary care to discover the same.

The portion of the charge contained in the fifth assignment of error was a correct submission of facts that would show contributory negligence on the part of the plaintiff and relieve the defendant from liability. If it was not as full as it should have been the defendant should have requested special instructions curing the defect. It would not be for that reason erroneous. There was no error in refusing the special instructions set out in the sixth, seventh, eighth, ninth and tenth assignments. In so far as correct they were sufficiently embodied in the general charge of the court. There was a sufficient instruction upon the burden of proof and it was not error for the court to refuse the requested instruction set out in the eleventh assignment. The court's charge as it appears in the twelfth, thirteenth and fourteenth assignments of error was not upon the weight of evidence and submitted the issues hypothetically for the determination of the jury. It is unnecessary to copy them or to refer to the authorities which have approved similar instructions.

Special charge number 8 requested by the defendant and included in the fifteenth assignment of error sought to charge the plaintiff as the foreman of the men on the hand car with any negligence on their part and to exonerate the defendant if the injuries resulted from their failure to exercise due care to discover the obstruction on the track. The requested instruction ignored the question of negligence in the erection of the obstruction, and for that reason was correctly refused if for no other. If the plaintiff was free from negligence and was injured by the concurring negligence of the men operating the car and the defendant, it would be no defense that the men were under the plaintiff's charge.

Special charge number 9 appearing in the sixteenth assignment should not have been given, because the plaintiff's cause of action was not predi-

cated either upon the defective hand car or the order of Connors, and it would have been misleading. The jury had already been fully instructed as to the proper relation the order of Connors had upon the question of contributory negligence.

The evidence did not call for the thirteenth special charge shown by the seventeenth assignment of error, since the statute does not require the erection of the character of obstruction that was made. In so far as the special charge number 15 set out in the eighteenth assignment was correct, it was sufficiently embodied in the general charge. From the disposition already made of previous assignment of error, it will appear that it was not error, in the opinion of this court, for the court below to overrule the defendant's demurrer as complained of in the nineteenth assignment of error.

It is contended by the twentieth assignment that the court erred in admitting the testimony of the witness Griffis. As bearing upon the question of contributory negligence there was evidence both to the effect that at the place of the obstruction the inclosure fence had been built up to the track and was visibly connected with the bars so as to indicate a cattle guard on the track, and on the other hand that the fence had been thrown down for the construction of the railroad and was left down as far from the track as the barrow pits extended. In this connection the trial court allowed the witness Griffis to testify that he had put up stakes 300 or 400 yards north of where the bars were placed to indicate where the fence should be built. The evidence was properly received to support the contention that the fence had not been rebuilt up to the track.

There was no error in receiving the testimony as to life expectancy tables. Gulf, C. & S. F. Railway Co. v. Mangham, 95 Texas, 413. The witness testified from a book in his hands and it was not necessary that it should have been put in the record. The twenty-first assignment of error must therefore be overruled. The evidence of the plaintiff as shown by the twenty-second assignment, received over the objection of the defendant, does not require a reversal of the judgment.

Upon the measure of damages the following charge copied in the twenty-third assignment was given by the court:

"You are instructed that in the event you find in favor of the plaintiff, Kelly, in estimating the actual compensatory damages, if any, to which he is entitled, you may take into consideration the value of the time lost, if any, by the plaintiff while disabled from his injuries, if any, to work and labor, taking into consideration the nature of his business and the value of his services in conducting the same; fair compensation for the mental and physical suffering, if any, caused him by his injuries, if any, and the probable effect in the future, if any, of the injuries upon his health and the use of his limbs, awarding him as a whole only such a sum of money as the present cash value of which would actually compensate him for the injuries sustained."

The objection is that the charge allows double damages, but the ob-

jection is not well taken. Loss of time is allowed only up to the time of the trial and the elements of damage are correctly analyzed and separated. Houston & T. C. Railway Co. v. Randall, 50 Texas, 254; San Antonio & A. P. Railway Co. v. Keller, 32 S. W. Rep., 848; Railway Co. v. Waldo, Id., 785.

The remaining assignments of error from the twenty-fourth to the thirty-first inclusive all relate to sufficiency of the evidence to support the verdict, and from what has already been held must be overruled. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.