**TEXAS & N. O. R. CO. v. McGINNIS.**

No. 9504.

Court of Civil Appeals of Texas.

San Antonio.

March 6, 1935.

Rehearing Denied March 27, 1935.

Templeton, Brooks, Napier & Brown, of San Antonio, and Baker, Botts, Andrews & Wharton, of Houston, for appellant. .

Carter & Lewis, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

MURRAY, Justice.

Appellee has filed a motion for a rehearing which we have concluded should be granted. The original opinion will be set aside and the following opinion delivered and filed as the opinion of the court:

Appellee, Christopher Lee McGinnis, instituted this suit against appellant, Texas & New Orleans Railroad Company, seeking to recover damages for personal injuries alleged to have been sustained by him while in the employ of the appellant as a switchman. Appellee alleged that he was crushed between two box cars while attempting to make a coupling and as a result sustained personal injuries.

The cause was submitted to a jury upon special issues, and upon their answers a judgment was rendered awarding appellee damages in the sum of $18,000.

The Texas & New Orleans Railroad Company presents this appeal.

By appellant's first two propositions it complains of the manner in which special issues Nos. 1 and 2 were submitted to the jury, which issues were in the following form:

"(1) Was the coupling apparatus on the cars which defendant first attempted to cou-

ple in such condition that they would not couple automatically by impact?

"(2) Was the coupling apparatus upon the cars which came together at the point where plaintiff was working in such condition that they would not couple automatically by impact without the necessity of the plaintiff's going in between the ends of the cars?"

■ Appellant's first contention is that the issues are not supported by the pleadings, in that appellee pleaded that the couplings were defective and not that they were in such condition that they would not couple automatically on impact. We overrule this contention. There was ample pleading to justify these issues. Appellee's petition contains the following paragraph which, taken with the rest of the petition, is sufficient to support these two special issues: "The plaintiff alleges that the automatic coupler on the car upon which he was working, as aforesaid, was out of order and defective and would not work to adjust the coupler, and that the defendant had negligently caused and negligently permitted the aforesaid automatic coupling apparatus to be in a condition where it could not be used to accomplish the purpose of coupling by impact as the law required, and the condition of said automatic coupler forced the plaintiff to go on the track, as is usual and customary when the automatic coupler will not work, as aforesaid."

■ Appellant's next contention is that the questions as framed are equivalent to asking whether or not the couplers failed to couple, rather than whether the couplers were defective. We sustain this contention as to issue No. 1, but not as to issue No. 2. Issue No. 1 failed to submit to the jury whether or not the couplers could have been put in such condition or position as that they would have coupled automatically by impact, by the use of the lever on the side of the car and without the necessity of the men going between the ends of the cars. This is an important element of the Safety Appliance Law, and the failure to include it in the issue renders the issue defective. Section 2 of title 45, Code of Laws of United States (45 USCA § 2); Gulf, C. & S. F. R. Co. v. Locker (Tex. Com. App.) 273 S. W. 831. On the other hand, issue No. 2 is not subject to this criticism. St. Louis Southwestern R. Co. of Texas v. Pyron (Tex. Civ. App.) 278 S. W. 270; Texas & P. R. Co. v. Sprole (Tex. Civ. App.) 202 S. W. 985; 29 Tex. Jur. p. 105, § 55. Thus, issue No. 2 being in proper form, the affirmative answer of the jury thereto constitutes a finding that appellant was guilty of violating the provisions of section 2 of title 45, Code of Laws of the United States (45 USCA § 2), known as the Safety Appliance Act. The jury in answer to issue No. 2a found that this violation of the Safety Appliance Act was a proximate cause of appellee's injuries.

Section 53 of said title 45 USCA provides as follows: "Contributory negligence; diminution of damages. In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.*" (Italicizing ours).

Thus it will be seen that the fact that the jury in response to other issues found appellee guilty of contributory negligence is of no consequence. The first two propositions are overruled.

■ By its third proposition appellant complains of counsel for appellee asking the witness Scammahorn, on cross-examination, the following question: "Then, the cause of the accident was the failure to make that coupling, wasn't it?" The question was objected to by appellant and withdrawn by appellee, and it was never answered. The mere asking of this question does not present reversible error. Hess v. Millsap (Tex. Civ. App.) 72 S.W.(2d) 923.

■ The matter inquired about was admitted in evidence, without objection, in another part of the record. This fact alone would preclude the idea of reversible error being committed by the mere asking of this question. Cochran v. Taylor (Tex. Civ. App.) 209 S. W. 253; Manton v. City of San Antonio (Tex. Civ. App.) 207 S. W. 951; Haynes v. Bernhard (Tex. Civ. App.) 268 S. W. 509.

■ By its fourth proposition appellant complains of the conduct of the trial judge in telephoning to the deputy in charge of the jury and inspecting him not to let the jury separate. The court previously, while in session, had informed the jury that they

might separate under certain circumstances. The bill of exception wholly fails to show that this message was ever communicated by the deputy to the jury and, therefore, no improper conduct by the trial judge is shown. The proposition is overruled.

■ Appellant complains in its fifth proposition of the conduct of counsel for appellee in stating in the presence and hearing of the jury, in effect, that the Supreme Court of the United States had held that it would not make any difference whether or not a car uncoupled on a curved track would necessarily throw the drawbar out of line. This statement was addressed to the court during an argument before the court (the jury being present) as to the admissibility of evidence, and when objected to by counsel for appellant, counsel for appellee asked the court to instruct the jury not to consider the remarks, and the jury was so instructed by the court. This presents no reversible error and the proposition is overruled. Appellant contends that this remark was prejudicial because counsel for appellee repeated the statement in his argument to the jury, but this phase of the proposition is not presented in its assignment of error No. 1, upon which proposition No. 5 is predicated.

By its sixth proposition appellant complains of the following statement made during the closing argument by counsel for appellee:

"Gentlemen, he sits with all hope gone. He sits in the impenetrable gloom of hopelessness; while the procession of mankind passes by he can no longer take any part. The flowers at the home which he kept so fresh, the vines that climbed upon the trellis that he had made about that home, climb no longer. His vegetables that they so carefully cultivated are gone. He sits there with everything gone.

"If he had all the money that this Company has, it would not compensate him for what he has suffered, because it could do him no good."

As to the first paragraph of this argument, it is a fair deduction from the evidence. The evidence discloses that appellee was a badly injured man; that he was a constant sufferer, unable to do work of any kind; that his condition was gravely serious; that he was a virtual wreck; that before his injury he worked about his home; that he made a little garden and planted flowers; that he attended to and trimmed the trees, dug post holes, and did numerous other things. The evidence further shows that since his injury he had been unable to do work of any kind, and that the constant attention which he required rendered his wife unable to do this work. In the light of all of this evidence, we cannot say that the argument was not a fair deduction from the evidence.

■ As to this argument being inflammatory and prejudicial, it was of such a nature that, had an objection been made at the time and counsel been given an opportunity to explain or withdraw the remarks and the jury instructed by the court not to consider such remarks, all prejudice and injury would have been removed. Therefore, appellant, having failed to make any objection at the time, is not now in a position to complain. Robbins v. Wynne (Tex. Com. App.) 44 S.W. (2d) 946, 949.

■ It is true District Court Rule No. 41 makes it the duty of the trial judge to stop improper argument, without waiting for an objection from opposing counsel, and it is not always necessary to object to improper argument at the time it is made, to be able to present the matter on appeal; but if the argument is not of such a harmful nature that it cannot be corrected, an objection should be raised at the time of making the argument. Judge Critz has very ably stated the rule in the Robbins Case, supra, as follows: "In this connection, we hold that the correct rule is that, if the argument be such, or is made under such circumstances that, if objection is made at the time counsel making the argument can offer explanation therefor which will render such argument proper, or can make such amends as will render the same undoubtedly harmless, or, if the argument be of such a nature that its proper withdrawal by counsel or instructions by the court to the jury to disregard will cure the error, and render its harmful effect free from doubt, then the objections should be made at the time, and failure to do so waives the error. On the other hand, if the argument be such that the converse of the above propositions is true, then it would be idle to say that opposing counsel should object at the time, when the objection might do nothing more than render the improper remarks more damaging than they would be if he remained silent."

This court has recently followed this well-settled rule in Tabet v. Kaufman, 67 S.W. (2d) 1072, and Texas Compensation Insurance Co. v. Ellison (Tex. Civ. App.) 71 S.W. (2d) 309.

By its seventh proposition appellant complains of the second paragraph of the argument, fully stated under proposition 6, as being a contrast of the financial condition of appellant and appellee. For a predicate of this proposition we are referred to assignment of error No. 8, which is the same as assignment 17 of appellant's motion for a new trial. The proposition is not supported by the assignment and cannot be considered by us. Thompson v. Caldwell (Tex. Com. App.) 36 S.W.(2d) 999. But, if we should consider this proposition we would be compelled to hold that this statement was not of such an inflammatory and prejudicial nature that it could not have been corrected upon proper objection made at the time and proper instruction given by the court.

By its eighth proposition appellant complains of the following part of opposing counsel's closing argument to the jury: "It is important to answer every question the Court has submitted to you, and to answer that question according to the law and the evidence. And when you have done that—and poor Christopher Lee McGinnis sitting, trembling, weeping, with all his manhood gone—at least you can say, 'we have been fair, we have simply treated him as we would expect to be treated.' And I think it is all we can ask you to do, Gentlemen: but I do ask you to do that, Gentlemen. And I thank you."

It is contended that this argument was equivalent to asking the jury to treat appellee as they would want to be treated. If it is susceptible of such a construction, it is only so by way of suggestion. The literal meaning of the statement is that, if the jury would answer every question submitted according to the law and the evidence, they could say that they had been fair, that they had treated appellee the way they would expect to be treated. The failure of appellant to make an objection at the time the argument was made waives the objection that is now being urged by appellant. This statement is not so inflammatory and prejudicial that it could not have been corrected by an explanation and withdrawal by counsel for appellee, or by an instruction from the court to the jury not to consider the remarks.

The same thing is true of propositions 9 and 10, and they are also overruled.

Propositions 11 and 12 complain of counsel for appellee, during his closing argument, permitting his voice to fall so low that parts of his argument were not heard by counsel for appellant and by the court reporter who was attempting to take the address down in shorthand; the specific complaint being that it was believed that these remarks which could not be heard were prejudicial and improper and that they amounted to a private communication between counsel and the jury. Appellant did not appeal to the trial judge to correct this matter which it is shown happened on any number of occasions. Counsel for appellant did on one occasion ask counsel to speak louder, and this request was granted; but later on during the argument counsel again permitted his voice to fall so low that parts of his argument were not heard by the reporter or opposing counsel. This is a matter which counsel for appellant should have called to the attention of the trial court, and, if the trial court had not granted him relief, he would be in a much stronger position before this court. We cannot presume that the trial judge would have failed to do what would have plainly been his duty. We do not know what these remarks were; they may have been entirely proper. No doubt appellant could have found out what had been said by requesting the trial judge to have the attorney repeat the remarks in an audible voice. Appellant's failure to exhaust the remedy which it had at the time waives the assignment of error here presented.

By its thirteenth proposition appellant complains of the conduct of counsel for appellee during his closing argument in begging the jury to answer certain issues "yes" and certain other issues "no." This assignment presents no error. Dallas Ry. & Terminal Company v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304; Galbraith-Foxworth Lumber Co. v. Gerneth (Tex. Civ. App.) 66 S.W. (2d) 471.

By its fourteenth proposition appellant complains that the judgment in the sum of $18,000 is excessive. We do not sustain this contention. The amount of damages is a matter addressed largely to the discretion of the jury, and in the absence of a showing that the jury were controlled by passion, prejudice, or some other improper motive, this court will not disturb the amount of damages awarded by the jury. Galveston, H. & S. A. Railway Co. v. Stevens (Tex. Civ. App.) 94 S. W. 395; Chicago, R. I. & G. Railway Co. v. Steele (Tex. Civ. App.) 264 S. W. 503; Texas & N. O. Railway Co. v. Kelly, 34 Tex. Civ. App. 21, 80 S. W. 1073; Houston & T. C. Railway Co. v. Gray (Tex. Civ. App.) 137 S. W. 729; St. Louis, I. M. & S. Railway Co. v. Webster, 99 Ark. 265, 137 S. W. 1103, 1199.

Being of the opinion that there is no error in the record requiring a reversal of this judgment, it is accordingly affirmed.