John W. Whalen, administrator, *vs.* Richard H. Sheehan.

Essex.  November 10, 1920.—January 7, 1921.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Agency,* Existence of relation.  *Motor Vehicle.*

At the trial of an action by an administrator against the owner of a motor car for causing the death of the plaintiff's intestate, there was evidence that one, who had no regular employment but did "jobs, driving or repairing for persons who asked him" and had a workshop where he did repairing, was employed by the defendant to drive him in the car from Lynn to Gloucester and return, then from Lynn to Lawrence and return, all on the same day; that on the return from the last trip it was discovered that the car needed repairing; that the owner, after the car was returned to the garage, caused another person to drive it back to the repair man, to whom it then was delivered for repair; that nothing was said as to compensation and there was no evidence of an agreement such that the defendant could not stop the work at any time and give the work to another; that the repair man kept the car four or five days when, as he was driving it on a street "to tune it up," he ran into and caused the death of the plaintiff's intestate.  *Held,* that there was no evidence warranting a finding that the repairer was a servant or agent of the defendant when the accident occurred.

Tort for causing the death of the plaintiff's intestate by running into him with a motor car, alleged to have been driven by one Buckley while acting as the defendant's servant or agent. Writ dated July 15, 1918.

In the Superior Court, the action was tried before *Cox,* J. Material evidence is described in the opinion.  At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

*R. L. Sisk,* for the plaintiff.

*L. C. Doyle,* for the defendant.

PIERCE, J. This is an action of tort brought by the administrator to recover for the death of his intestate, a minor child, who was struck and killed on May 1, 1918, by an automobile owned by the defendant and operated by one Joseph H. Buckley, while the intestate was crossing a public highway in the city of Lynn. The defendant was not present at the time of the accident. There was sufficient evidence of the due care of the intestate and of the negligence of Buckley to warrant the submission of the case to the jury on these points. At the close of the evidence the judge ordered a verdict for the defendant and reported the case to this court upon the following stipulation: "If the case should have been submitted to the jury, then judgment is to be entered for the plaintiff in the sum of $3,750, costs and interest from the date of the writ; otherwise, judgment for the defendant." The only question raised by this report is whether upon all the evidence the case should have been submitted to the jury on the issue of the defendant's responsibility for the negligence of the driver of the automobile.

The defendant and Buckley were the only witnesses called to testify on the issue of the relation of the defendant and Buckley. The evidence warranted the jury in finding the following facts. The defendant and Buckley lived in Lynn. The defendant purchased the automobile two weeks before the accident. He was then unfamiliar with its operation and care. Afterwards the person who sold him the automobile gave him lessons. Four or five days before the accident, desiring to go to Gloucester he went to the garage where he kept the automobile and asked for a man to drive him there. The keeper of the garage sent Buckley, not being able to send a man from the garage. Buckley had a chauffeur's license; he was not employed by any one steadily, temporarily he did "jobs, driving or repairing, for persons who asked him;" he lived with his parents, had a workshop and did not have a garage. The defendant and Buckley drove to Gloucester in the morning and returned to Lynn. In the afternoon they drove to Lawrence, the defendant for a short distance taking the wheel. Buckley gave the defendant instructions on the last trip. While returning from Lawrence they found the car was not in good condition. Buckley told the defendant that his business was repairing automobiles and that he would be glad to take the car and do

what was necessary to repair it. As a result of the conversation the car after it was returned to the garage in the evening of the same day was driven by the son-in-law of the defendant to Central Square, Lynn, and there delivered to Buckley, as a repair man, to do what was necessary. Nothing was said about the compensation to be paid, nor was the agreement such that the defendant could not stop the work and give it to some other man if the defendant was not satisfied with the work of Buckley. After Buckley had had the car about two days the defendant called him up and asked if the car was ready. Before the accident, on the day of the accident he again called him up and asked how soon he could have it. Buckley answered that there was a lot of work that had to be done on it and that he could not give the car to him before late that afternoon. The defendant had not seen the car after its delivery to Buckley and had no other conversation with him previous to the accident. As an incident in the repair of the car, to see that the repairs were effective Buckley "after he got the car where he thought was right," took it out "to 'tune' it up . . . and was coming back to his home" when the accident occurred.

We are of opinion that the facts as a matter of law do not warrant the conclusion that the defendant during the time the automobile was in the control of Buckley had the right to exercise control and direction over the employment and all its details; in other words, had a right to say not only what was to be done, but when and how it should be done. *Baltimore Boot & Shoe Manuf. Co.* v. *Jamar*, 93 Md. 404. *Regina* v. *Walker*, 8 Cox C. C. 1. On the other hand Buckley was in possession and had full control of the automobile, and "was in the exercise of a distinct and independent employment, using his own means and methods for accomplishing his work, and not being under the immediate supervision and control of his employer." *Morgan* v. *Smith*, 159 Mass. 570, 574. *Dutton* v. *Amesbury National Bank*, 181 Mass. 154, 157. Had the defendant been possessed of a watch or clothing in need of repair, and had he taken it to a repairer for emendation, it would be extraordinary to hold that such an artisan became the servant of the owner during the time the labor and skill of the workman were exercised upon it. Indeed, such a deposit has been long recognized as creating the relation of bailor

and bailee, and not that of master and servant. In principle we perceive no distinction between the illustrative case and the case at bar. *Segler* v. *Callister*, 167 Cal. 377; 51 L. R. A. (N. S.) 772, note. *McColligan* v. *Pennsylvania Railroad*, 214 Penn. St. 229.

It follows that the verdict for the defendant was properly directed, and by the terms of the stipulation judgment is to be entered for the defendant.

*So ordered.*