## THOMPSON v. CALDWELL et al.
### No. 1437—5649.

Commission of Appeals of Texas, Section A.
April 1, 1931.

Fuller & Leaverton, of Marfa, and Ben H. Powell and Ocie Speer, both of Austin, for plaintiff in error.

Thomas B. Ridgell, of Breckenridge, for defendants in error.

CRITZ, J.

This is a suit by Joe J. Caldwell and A. R. Flowers against J. J. Thompson for commissions alleged to be due by Thompson to Caldwell and Flowers for the sale of certain stock owned by Thompson in the Lone Star Stage Company, a corporation. It is contended by Caldwell and Flowers that Thompson listed the stock with them for sale, and that they procured a purchaser therefor. The case was submitted to the jury in the trial court on special issues, and on the answers of the jury to such issues judgment was entered for Caldwell and Flowers for $3,125, being 5 per cent. of the sale price of the stock. Thompson appealed to the Court of Civil Appeals at East-land, which court affirmed the judgment of the trial court. 22 S.W.(2d) 720. The case is in the Supreme Court on writ of error granted on application of Thompson. For convenience we will hereafter refer to Caldwell and Flowers as the plaintiffs and to Thompson as the defendant.

Defendant's first assignment of error, and propositions thereunder, as contained in the application for the writ of error in the Supreme Court, reads as follows:

"1. The Court of Civil Appeals erred in overruling appellant's 19th Assignment of Error, which assignment was as follows:

"'The court erred in instructing the jury after they had retired for the consideration of their verdict and without submitting such charge to the defendant, as follows:

"'"The court has just received your written request to send to you in the jury room the deposition of Mr. Bowen. In reply the Court will state to you that under the law you are not permitted to take depositions to the jury room and I cannot, therefore, send it to you.

"'"Any testimony you want read you may have by stating in writing what part it is you want and then coming into open court for that purpose." Because such was not the law, was prejudicial, ambiguous and misleading.'

"First Proposition: The action of the trial court herein complained of was a communication between the jury and the court in violation of Article 2197 of the Revised Statutes, the same not being in open court through the jury's foreman as therein required.

"Second Proposition: The action of the trial court herein complained of was an instruction of the court touching matters of law pertaining to the case in violation of Article 2198 of the Revised Statutes, in this that the court then and there instructed the jury not in open court, and further more upon questions of law as to which the jury made no inquiry."

The nineteenth assignment of error, as contained in the motion for a new trial presented to the district court, and as presented to the Court of Civil Appeals, is in words and figures the same as the first assignment of error in this court, hereinabove quoted, except the first and second propositions under the assignment in this court were not contained in the assignment as presented to the trial court, or to the Court of Civil Appeals.

It is contended by the plaintiffs that the first assignment of error, as presented in the Supreme Court under first and second propositions thereunder, do not present the reasons for sustaining the assignment that were presented to the trial court and Court of Civil Appeals, but present for the first time in the Supreme Court, under the guise of proposi-

tions, new assignments of error, not assigned in either the trial court or the Court of Civil Appeals. We sustain this contention.

■ It is the rule that, unless the error is fundamental, it must be assigned in a motion for a new trial in the district court. This means that the ruling, act, or conduct complained of must be pointed out or stated in the motion for a new trial in such a manner as to apprise the trial court of the error complained of.

■ By his two propositions above quoted, and argument thereunder in this court, the defendant attempts to assign error because of the violation of articles 2197 and 2198, R. C. S. of Texas 1925. In this connection, it is now here contended by the defendant that the error of the trial court consisted in his giving instructions to, and having a communication with, the jury at a place not in open court. If the office of an assignment of error in the motion for a new trial in the trial court is to point out to the court the error complained of, and it is conceded by the defendant that such is its office, then we must hold that the assignment as presented to the trial court presented no such issue as is here attempted to be presented. The assignment in that court, as above shown, did not contain the two propositions contained thereunder in this court, but expressly states that the charge was error "because such was not the law, was prejudicial, ambiguous and misleading." The locus of the transaction, that is, the place where it occurred, is not even remotely hinted at in the assignment. Furthermore, we have carefully examined the briefs filed by the defendant in the Court of Civil Appeals, and it is not presented or argued therein that the error attempted to be presented under the nineteenth assignment of error in the motion for a new trial was misconduct of the trial judge in charging the jury out of the courtroom. In fact, the first time the matter here presented seems to have been alluded to is when the Court of Civil Appeals, in its opinion, called attention to the fact that the assignment did not charge misconduct on the part of the trial judge in delivering a charge to the jury at a place not in open court.

For the reasons stated, this assignment of error as presented in this court will not be considered.

We think the Court of Civil Appeals has correctly decided the other issues presented.

We therefore recommend that the judgment of the Court of Civil Appeals, which affirms the judgment of the district court, be affirmed.

CURETON, O. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.