DELIA OCHOA V. WINERICH MOTOR SALES COMPANY ET AL.

No. 6519.   Decided May 27, 1936.
Rehearing overruled June 24, 1936.
(94 S. W., 2d Series, 416.)

*Hicks, Dickson, Bobbitt & Lange,* of Laredo, for plaintiff in error.

Where the trial is before a jury and plaintiff has made out a prima facie case of master and servant, and defendants' only evidence on this issue is that of interested witnesses, *one of whom has been impeached,* the credibility of the witnesses, and the weight to be given to the evidence are for the jury; and it is not reversible error for the trial court to refuse to peremptorily instruct the jury to find in favor of the defendant company. Stevens v. Karr (Com. App.), 33 S. W. (2d) 725; City of Waco v. Branch, 8 S. W. (2d) 271; Walser v. Calley, 50 S. W. (2d) 337.

*Eskridge & Groce,* of San Antonio, and *Gibson & Blackshear,* of Laredo, for defendants in error.

Where the only ground of liability alleged against a defendant is the existence of the master and servant, or employer and employee relationship between such defendant and alleged

tort feasor, and all the direct evidence shows the tort feasor to have been an independent contractor, such defendant is entitled to have a verdict instructed in its favor. 17 Tex. Jur., 328; Maryland Casualty Co. v. Kent, 271 S. W., 929.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error was struck and injured by an automobile belonging to defendant in error Winerich Motor Sales Company and driven by defendant in error Salinas on a public street in the city of Laredo. The jury found that the injury was caused by several acts of negligence on the part of Salinas, and that at the time of the accident Salinas was an employee of the motor sales company and not an independent contractor, and assessed the damages of $7500.00. The Court of Civil Appeals reversed the judgment rendered by the trial court in favor of plaintiff in error jointly against defendants in error and remanded the cause, after holding that as a matter of law Salinas was an independent contractor and not an employee. 58 S. W. (2d) 193.

A careful examination of the record confirms the correctness of the tentative opinion expressed in granting the application for writ of error that Salinas as a matter of law was a servant of the motor sales company in his employment by it at the time plaintiff in error was injured.

The motor sales company was engaged in the business of selling new automobiles at retail, maintaining its principal place of business in San Antonio and a branch in Laredo. Its sales and display room in Laredo was in a building at the corner of Flores and Houston Streets. It maintained no shop or repair department in Laredo. When automobiles owned by it, or which it had sold with a promise of ninety days' free service, needed minor adjustments or repairs it caused them to be made in Laredo. If important or difficult work was required the automobiles were sent to the principal place of business in San Antonio or mechanics were brought from San Antonio to Laredo. Prior to the time when Salinas was directly given employment by the motor sales company its minor repairing and adjustments were made by one Kramer or by the D & M Garage. Kramer maintained a garage or shop for repairing automobiles and Salinas worked for him as a mechanic at a salary of $18.00 a week.

Two or three months before the accident Salinas left the employ of Kramer and being out of work asked Rosenbaum, the manager of the motor sales company, to "give him some

jobs to help him along." Thereafter Salinas "dropped in" at the motor sales company's place of business, usually during the morning, at no particular hour, sometimes at 8 or 9 or 10 o'clock, and was given work or a job if there was work to be done or if the company did not prefer to give it to the D & M Garage. He was under no obligation to come for work and the company was under no obligation to employ him. Sometimes Salinas stayed away for a week. Thus he was occasionally given odd jobs of minor repairing or adjustment and was paid by the job either at a flat rate or by the hour. Salinas did this work with his own tools, as the motor sales company had no tools. Usually the work was done in the rear of the sales or display room of the motor sales company, though sometimes Salinas took an automobile to his home and repaired it there. Once or twice Salinas drove a new car belonging to the company from San Antonio to Laredo and was paid $5.00 for such service. Occasionally, when working on an automobile belonging to the company, Salinas was requested by the manager to cease work on it and to work on another automobile and he complied with such requests. The manager testified that he did not undertake to direct Salinas as to how he should go about the repairing of an automobile, but that he would make suggestions to him as he did to any mechanic. Salinas testified that he was free to do mechanical work for others, but he maintained no shop or place of business and he gave no testimony as to the extent or nature of his employment by others.

All of the testimony as to the character of Salinas' employment by the motor sales company came from Salinas and from Rosenbaum, the company's manager. Their testimony was vague and often evasive, particularly with respect to the extent of control exercised over Salinas by the company when he was working for it.

On the whole it appears from the evidence that the nature of the employment of Salinas by the company, the work done by him and the control exercised over him were substantially similar to what they would have been had he worked for the company regularly for wages and under its direction as an automobile mechanic. He did not work regularly because there was not enough minor repairing and adjusting to be done to keep him employed. Certainly the evidence would have sustained a finding that in the performance of the various odd jobs of repairing automobiles under the circumstances which have been detailed Salinas was acting in the capacity of em-

ployee or servant rather than in the capacity of independent contractor.

■ Salinas had no continuous or regular employment with the motor sales company. Each job or task given him was a separate employment. This being true, the nature of the particular employment during the performance of which the accident occurred rather than that of the several prior employments, whether as independent contractor or as servant or employee, determines the liability of the motor sales company. However, the facts with respect to the prior employments are explanatory of the relation existing generally between Salinas and the motor sales company and they are consistent with the conclusion that the motor sales company in giving to Salinas the particular employment or job on the day plaintiff in error was injured did not employ him as an independent contractor to test and repair the automobile in his own way and free from its control.

The facts as to the particular employment are established by an agreement of the parties and by the testimony of Salinas. It was agreed that the automobile "belonged to the Winerich Motor Sales Company and was being driven at the time of the accident by Romeo Salinas, who was endeavoring to locate a miss in the car for the purpose of repairing the same for the benefit of the Winerich Motor Sales Company." According to the testimony of Salinas he was at the place of business of the motor sales company, was idle, and had been there practically all of the afternoon, when Mr. West, salesman for the company, drove up in an automobile belonging to it, told him that the car had a miss at low speed, and told him to drive it around the block and find out what was causing it and if it was not a big job to fix it. This is the extent of the evidence with respect to the nature of the employment and the instructions given. Salinas further testified that he finally located and fixed the trouble after the accident and that he would have been paid for his time if he had done no work on the automobile.

Following the instructions given him by West, Salinas drove the automobile in an easterly direction on Houston Street, turned north on San Dario Street, and there, near the intersection of the two streets, struck plaintiff in error.

■ The agreement of counsel that Salinas at the time of the accident was driving an automobile owned by the motor sales company and endeavoring for such owner to locate a miss in the motor proved prima facie that Salinas was acting as the

employee or servant of the motor sales company and placed the burden upon that company to prove that he was an independent contractor. "Every person who is found performing the work of another is presumed to be in the employ of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist." Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 642, 648, 32 S. W., 868. See, also: Baray v. Escobedo, 259 S. W., 1099, 1101; Kampmann v. Rothwell, 107 S. W., 120, 122; Gulf C. & S. F. Ry. Co. v. Clement, 220 S. W., 407, 409, affirmed in Clement v. Gulf C. & S. F. Ry. Co. (Com. App.), 236 S. W. 714; Miller v. Service & Sales, Inc., 149 Ore., 11, 38 Pac., (2d) 995, 96 A. L. R., 628, and note pp. 634-637; 23 Tex. Jur., pp. 550-551, Sec. 8.

■ In our opinion the evidence falls short of proving that Salinas in his employment at the time of the accident was an independent contractor and proves on the contrary that he was the employee or servant of the motor sales company.

Definitions of the terms independent contractor and servant and the rules and tests for determining whether one performing work for another is an independent contractor or a servant have been given and stated in many decisions and it is unnecessary to repeat them. See: Cunningham v. International Ry. Co., 51 Texas, 503; Shannon v. Western Indemnity Co. (Com. App.), 257 S. W., 522; King v. Galloway (Com. App.), 284 S. W., 942; Texas Employers Ins. Ass'n. v. Owen (Com. App.), 298 S. W. 542; Southern Surety Co. v. Shoemake (Com. App.), 24 S. W. (2d) 7; Lone Star Gas Co. v. Kelly (Com. App.), 46 S. W. (2d) 656; Dave Lehr, Inc., v. Brown, 127 Texas, 236, 91 S. W. (2d) 693; Smith Bros., Inc., v. O'Bryan 127 Texas, 439, 94 S. W. (2d) 145; Note 19 A. L. R., pp. 226 and following; Note 20 A. L. R., pp. 684 and following; Note 75 A. L. R., pp. 725 and following; 23 Tex. Jur., pp. 542-550, Secs. 3-7; 14 R. C. L., pp. 67-69, Secs. 2-4; 18 R. C. L., pp. 490-491, Sec. 1; 31 C. J., pp. 473-475; 39 C. J., pp. 35-38, Secs. 4-8.

As is pointed out in Smith Bros., Inc., v. O'Bryan, supra, and in the notes in Volumes 20 and 75, A. L. R., above cited, there are many evidential elements useful as aids in determining the quality of the contract of employment, but because

of the varying facts in different cases, no set rule can be made or test prescribed which undertakes to embody such elements or to give controlling effect to one or more of them over others of them. It is stated in the note in 75 A. L. R., p. 726, that "the modern cases look to the broader question whether the person is in fact independent or subject to the control of him for whom the work is done." This is true of the recent decisions in this state, particularly of Smith Bros., Inc., v. O'Bryan, supra.

■ Application of the test of control, or right of control, to the facts with respect to the employment of Salinas in the performance of which plaintiff in error was injured makes him an employee or servant rather than an independent contractor. His employment was to undertake to find the source of a miss in the motor of an automobile belonging to his employer and to do so in a certain way and at a designated place. He was told to drive the car around the block and to listen for a miss. The block referred to was evidently the block in which the motor sales company's place of business was situated. He was not employed to find the cause of the miss in his own way or according to his own judgment or at such place as he might select. He was directed to endeavor to find the miss by listening for it when driving the car around a particular block. Thus he was given specific and definite instructions as to the manner in which the details of the work were to be executed. Such employment involved merely the performance of a simple service in accordance with the directions given by the employer and did not rise to the dignity of an independent employment. Because of the control by the employer over the manner of doing the work the case differs from those in which the owner surrenders control of his automobile to one engaged in an independent business as a mechanic, leaving to the judgment of the mechanic the manner in which the automobile is to be repaired and the method and place of testing it. See: Whalen v. Sheehan, 237 Mass., 112, 129 N. E., 379, 18 A. L. R., 972 and note pp. 974 and following; Bell v. State of Maryland, 153 Md., 333, 138 Atl., 227, 58 A. L. R., 1051 and note pp. 1057 and following; Igo v. Alford, 228 Mo. App., 457, 69 S. W. (2d) 317.

■ It is true that Salinas had a distinct occupation, that of automobile mechanic, and that the act which he was directed to perform involved the exercising of a certain amount of mechanical skill, but these facts do not release him from the control reserved and exercised by his employer. Domestic servants

such as cooks, gardeners and chauffeurs have independent occupations and in the performance of their work they exercise skill and judgment, but they are not independent contractors. 14 R. C. L., pp. 75-76, Sec. 12; Note 19 A. L. R., p. 245 and cases there cited. The fact that one has a distinct occupation or calling or that he is given employment by reason of his special skill does not fix his status as an independent contractor rather than an employee or servant in a particular employment. Even though he may have peculiar skill and may have been employed because of such skill, he is still an employee or servant if the employer retains the right to control the work. Gulf C. & S. F. Ry. Co. v. Clement, 220 S. W., 407, 409, affirmed in Clement v. Gulf C. & S. F. Ry. Co. (Com. App.), 236 S. W., 714; Note 20 A. L. R., p. 745, and authorities there cited.

While Salinas in the agreement for his employment was directed as to the manner and place of testing the automobile to find the cause of the miss in the motor, he was given no directions as to the manner of adjusting or repairing the automobile in the event he discovered the cause of the miss and "it was not a big job." There is no evidence affirmatively showing whether Salinas was or was not to be free from the control of the motor sales company as to the manner in which the minor adjustment or repairs, if needed, were to be made. As has been stated, the agreement of counsel constituted prima facie proof that Salinas was acting as employee or servant of the motor sales company at the time of the accident. In view of this proof and the undisputed evidence that the employer reserved the right to direct the manner and place for the making of the test and the absence of any evidence that Salinas in making the repairs or adjustment to follow the test, if the occasion arose to make them, would be free from control by the employer as to the manner of making them, there is nothing whatever to support a finding or conclusion that he was in any part of the employment an independent contractor.

The facts in King v. Galloway (Com. App.), 284 S. W., 942, are in many particulars similar to the facts of the present case, and both the decision and the opinion in that case support the conclusions which have been expressed here. See also: Re Murray, 130 Me., 181, 154 Atl., 352, 75 A. L. R., 720.

■ The Court of Civil Appeals failed to pass upon several assignments of error presented by defendants in error. One of such assignments complained of the action of the trial court in sustaining the objections to questions asked Rosenbaum and Salinas for the purpose of proving that Salinas on one occa-

sion, sometime in October, 1930, employed and paid a helper to assist him in repairing an automobile belonging to the motor sales company. No connection is shown in the bill of exceptions or elsewhere in the record between the employment of Salinas by the motor sales company to repair that automobile sometime during the month of October and his separate employment to drive another automobile on November 20 when plaintiff in error was injured. The evidence offered would tend to show the nature of the employment to repair the automobile in October, but it has no relevancy in determining the character of the relation created by the later, separate and distinct employment of salinas for the performance of a service in a designated manner.

7. Another assignment presents as grounds for reversal the following argument made before the jury by counsel for plaintiff in error: "Any of you men if you have got children just figure yourselves in that position. You saw that child's injury. Do you think there is any—do you think that any of you men want to have a thing like that on your left leg? That is not a boy there—that is a little girl." The objection made to the argument is that it is prejudicial because it amounts to an invitation to the jurors, by putting themselves in the place of one of the litigants, to decide the issues from a prejudiced viewpoint instead of reaching conclusions from an impartial consideration of the evidence. That portion of the argument to which objection is made is brief and disconnected and on the whole was intended to emphasize the seriousness of the injury to plaintiff in error rather than to induce the jurors to decide the issues from a prejudiced viewpoint. We do not think it was such improper appeal to prejudice, passion or sympathy as to afford sufficient reason for reversal. Commercial Standard Insurance Co. v. De Hart, 47 S. W. (2d) 898; Karotkin Furniture Co. v. Decker (Com. App.), 50 S. W. (2d) 795; Rio Grande E. P. & S. F. Ry. Co. v. Dupree (Com. App.), 55 S. W. (2d) 522.

■ There is no reversible error either in the action of the trial court in permitting plaintiff in error, after defendants in error had offered their evidence, to introduce evidence which was not in fact in rebuttal, or in its action in permitting counsel for plaintiff in error to resume and complete his argument after counsel for defendants in error announced that they would submit the case without argument. Control and direction of the trial in such respects rest in the discretion of the trial judge.

No abuse of discretion is shown. Cameron Compress Co. v. Jacobs, 10 S. W. (2d) 1040 (application for writ of error refused); Gulf C. & S. F. Ry. Co. v. Williams, 136 S. W., 527 (application for writ of error refused); Oden v. T. & P. Ry. Co., 9 S. W. (2d) 367.

■ The assignment of error that the verdict is excessive presents a question which is not within the jurisdiction of the Supreme Court. International & Great Northern Ry. Co. v. Goswick, 98 Texas, 477, 85 S. W., 785; Burrell Engineering & Construction Co. v. Grisier, 111 Texas, 477, 240 S. W., 899; Beaumont S. L. & W. Ry. Co. v. Schmidt, 123 Texas, 580, 72 S. W. (2d) 899.

■ Although the Court of Civil Appeals found that the undisputed facts showed that Salinas was an independent contractor and not an employee or servant, thus sustaining defendants in error's assignment of error that the trial court erred in refusing to instruct the jury to return a verdict for the motor sales company, it remanded the cause instead of rendering judgment. The opinion states that its reason for so doing was that it seemed to be a policy of the Supreme Court to grant a writ of error in any case where a court of civil appeals reversed a judgment of the trial court founded on a verdict and rendered a different judgment. Thus it is made apparent by the opinion of the Court of Civil Appeals that its action in remanding the cause was not intended to be, or to involve, a decision that the evidence was insufficient to support the finding of the jury. For another reason the action of the Court of Civil Appeals in remanding the cause cannot be construed as a decision as to the sufficiency of the evidence. It is that defendants in error presented no assignment of error in that court questioning the sufficiency of the evidence to support the verdict. Under the assignment that the court erred in refusing to instruct the jury to return a verdict for the motor sales company, which was in effect the same as an assignment that there was no evidence to support the jury's finding, the Court of Civil Appeals had no authority to decide the question of the sufficiency of the evidence. Hall Music Co. v. Robertson, 117 Texas, 261, 1 S. W. (2d) 857. Such being the state of the record, the judgment of the Court of Civil Appeals would be reversed and the judgment of the trial court affirmed but for the failure of the Court of Civil Appeals to pass upon the assignment that the verdict is excessive.

■ The judgment of the Court of Civil Appeals is reversed

and the cause is remanded to that court for its disposition of the assignment of error as to the excessiveness of the verdict, with directions to affirm the judgment of the trial court if it finds that the verdict and judgment of that court are not excessive and to proceed in accordance with the provisions of Article 1862, Revised Civil Statutes of 1925, authorizing the requiring of remittitur, if it finds that such judgment and verdict are excessive.

Opinion adopted by the Supreme Court May 27, 1936.

Rehearing overruled June 24, 1936.