TEXAS & NEW ORLEANS RAILROAD COMPANY V. CHRISTOPHER LEE McGINNIS.

No. 6943.  Decided October 20, 1937.
Rehearing overruled December 1, 1937.
(109 S. W., 2d Series, 160.)

*Baker, Botts, Andrews & Wharton,* of Houston, *Templeton, Brooks, Napier & Brown,* and *Harper MacFarlane,* all of San Antonio, for plaintiff in error.

On the question of misconduct of counsel in the argument of the case for plaintiff. Breckenridge v. Roberts, 114 Texas 418, 267 S. W. 244; Denison Cotton Mills Co. v. McAmis, 215 S. W. 442.

On the question of misconduct of counsel in telling jury how certain questions should be answered. Houston & W. T. Ry. Co. v. Sherman, 42 S. W. (2d) 241; Gulf States Utilities Co. v. Cauthen, 72 S. W. (2d) 370; Texas & Pac. Ry. Co. v. Edwards, 36 S. W. (2d) 477.

*Carter & Lewis, Randolph L. Carter,* and *Champe G. Carter,* all of San Antonio, for defendant in error.

Upon the propositions involved. Thompson v. Caldwell, 36 S. W. (2d) 999; Delk v. St. L. & S. F. Ry. Co., 220 U. S. 580; Louisville & N. Ry. Co. v. Layton, 243 U. S. 617, 61 L. Ed. 931.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment of the district court in favor of defendant in error McGinnis against plaintiff in error Texas & New Orleans Railroad Company for damages in the amount of $18,000.00 on account of injuries suffered by defendant in error while performing his duties as switchman in the employ of plaintiff in error and engaged in interstate commerce. 81 S. W. (2d) 200.

Defendant in error was crushed when he went between two freight cars to adjust the couplers. A car attached to a moving locomotive failed to couple with a standing car which was driven against one of the cars between which defendant in error was standing. The jury in answer to special issues found: (1) "The coupling apparatus on the cars which defendant first attempted to couple was in such condition that they would not couple automatically by impact"; (1a) "The failure of said couplings to couple was a proximate cause of the accident and injuries to the plaintiff"; (2) "The coupling apparatus on the cars which came together at the point where plaintiff was working was in such condition that they would not couple automatically by impact without the necessity of the plaintiff's going in between the ends of the cars"; (2a) "The failure of these couplings to couple was a proximate cause of the accident and injuries to the plain-

tiff"; (3) "In attempting to make the first coupling the defendant caused the car attached to the engine to be propelled with unnecessary and unusual force and violence against the standing cars"; (4) "Upon the occasion in question the defendant caused the locomotive to be moved backward without ringing the bell"; (5) "The plaintiff was negligent in going between the standing cars to work on the coupler without giving notice to any of the other members of the switching crew by signal or otherwise of his intention to do so." The jury further found that the acts of the defendant, in causing the car attached to the engine to be propelled with unusual force and in moving the locomotive without ringing the bell, constituted negligence and were proximate causes of the accident and of plaintiff's injuries, and that the plaintiff's negligence in going between the cars contributed to cause the accident and the injuries.

In view of the conclusions hereinafter stated, it is unnecessary to determine whether the Court of Civil Appeals correctly ruled that issue No. 1 was subject to the objection urged to it by plaintiff in error.

■■ Objection is made to issue No. 2 that it is a mere evidentiary issue and does not interrogate the jury as to the ultimate fact, namely, were the cars equipped with couplers in accordance with Section 2 of Title 45 of the United States Code Annotated. It is contended that issue No. 2 in substance or in effect submits to the jury the question whether the couplers coupled automatically on the occasion in question, and authorities are invoked which hold that proof of the fact that couplers do not work on one occasion does not conclusively establish failure to comply with Section 2 of Title 45, U. S. C. A., requiring carriers to equip their cars with automatic couplers, but is merely evidence from which a jury may infer the ultimate fact, failure to comply with the law.

We do not so construe the issue submitted. It does not inquire whether the couplers in fact worked automatically at the particular time, but it interrogates the jury as to the condition of the couplers, that is whether they were in proper working order. The question as submitted is: "Was the coupling apparatus upon the cars which came together at the point where plaintiff was working in such condition that they would not couple automatically by impact without the necessity of plaintiff's going in between the ends of the cars?"

The plaintiff conceded that the cars had been equipped with automatic couplers. His assertion of the defendant's liability was grounded on failure to maintain the couplers in proper working condition. The statute by its terms requires that the

cars be "equipped" with automatic couplers but it is construed as imposing upon the carriers the absolute duty both to equip the cars with proper appliances and to maintain them in working condition at all times. Chicago, Burlington & Quincy Ry. Co. v. United States, 220 U. S. 559, 55 L. Ed. 582, 31 Sup. Ct. 612; Delk v. St. Louis & S. F. R. Co., 220 U. S. 580, 55 L. Ed. 590, 31 Sup. Ct. 617; Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874. We agree with the holding of the Court of Civil Appeals that issue No. 2 was in proper form and that the jury's affirmative answer to it constitutes a finding that plaintiff in error violated the provisions of Section 2 of Title 45, U. S. C. A.

As above shown, the trial court submitted to the jury four issues as grounds of liability, the first two predicated upon alleged violations of the Safety Appliance Act, Section 2 of Title 45, U. S. C. A., and the other two upon alleged acts of negligence, the propelling of a car against another with unusual violence and the movement of the locomotive and attached car without ringing the bell. The jury answered all of these issues favorably to the plaintiff McGinnis. In answer to another issue the jury found that McGinnis was guilty of contributory negligence in going between the cars. The trial court in connection with the issue as to the amount of damages instructed the jury that such damages as it might find in plaintiff's favor must be diminished in proportion to the amount of negligence attributable to the plaintiff, if any. This instruction was given on account of Section 53 of Title 45, U. S. C. A., providing that "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." The section further provides, however, that "No such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

Plaintiff in error in the following language assigns error to the action of the Court of Civil Appeals in affirming the trial court's judgment, after holding that issue No. 1 was not in proper form: "The judgment of the court was based on common law, not statutory negligence, on the comparison of negligence

theory and the elimination by the Court of Civil Appeals of one ground of negligence, the defendant in error having been found guilty by the jury of contributory negligence, required a reversal of the judgment." In support of this assignment of error the argument is made that the jury in comparing the negligence of the defendant and the negligence of the plaintiff in order to diminish plaintiff's damages "may have and no doubt did" take into consideration as acts of negligence the failure of the defendant to comply with the Safety Appliance Act, as found by the answers to issues Nos. 1 and 2, as well as the acts of negligence on the part of the defendant found in answer to issues Nos. 3 and 4, resulting in the assessment of damages in a larger amount than would have been assessed had the jury not taken into consideration in measuring the damages the acts of the defendant in failing to comply with the safety appliance law, particularly the act found in answer to issue No. 1.

■ Our conclusion that issue No. 2 was in proper form disposes of this assignment. The jury found in answer to that issue that the defendant failed to comply with the Safety Appliance Act and in answer to another issue that such failure proximately caused the plaintiff's injuries. These findings support a judgment for damages reasonably sufficient to compensate the plaintiff for his injuries without diminution on account of his contributory negligence, Section 53 of Title 45, U. S. C. A., expressly providing that an injured employee shall not be held guilty of contributory negligence in any case where the violation by the employer of the Safety Appliance Act contributed to the injury. If the jury diminished the damages to any extent by comparing the negligence of the parties, its action was favorable rather than harmful to the defendant. If there was error in the submission of issue No. 1, it was harmless error because the findings in answer to issues Nos. 2, 2a and 7 were sufficient to support the judgment. West Texas Coaches, Inc., v. Madi, (Com. App.) 26 S. W. (2d) 199, 202; Ward v. Cathey, 210 S. W. 289, 290 (application for writ of error refused).

■ Even if it be assumed that the court's judgment was, by reason of its charge as to diminution of damages, based upon the answers to issues Nos. 3 and 4 and not upon a violation of the Safety Appliance Act, there is nothing in the record justifying the conclusion or the assumption that the jury in measuring the damages treated as acts of negligence on the part of the defendant the violations of the Safety Appliance Act as found in answer to issues Nos. 1 and 2. The trial court's instruction was that the damages be diminished in proportion to the amount

of negligence attributable to the plaintiff, that is as compared with the combined negligence of the plaintiff and the defendant. Issues Nos. 1 and 2 presented questions of fact as to the condition of the couplers and no question of negligence was submitted in connection with them. Immediately following both issue No. 3 and issue No. 4 was the further issue: "Did this constitute negligence?" in the absence of anything in the record to the contrary, we assume that the jury followed the court's charge and in comparing the negligence of the parties took into consideration the negligence of the plaintiff and the negligent acts of the defendant and not the acts in violation of the statute.

■ Complaint is made of that part of the argument of counsel for the plaintiff in which he begged the jury to answer certain of the issues yes and certain of them no, the point being made that such conduct in effect apprised the jury of the legal effect of the answers. It does not appear that counsel told the jury that the answers for which he begged would result in a judgment for his client. Reasonable latitude must be allowed counsel in arguing a case submitted on special issues. If, as has been correctly said, he may advise the jury how in his opinion, from the evidence, the issues should be answered and may specifically say that certain issues should be answered yes and certain issues no (Dallas Ry. & Terminal Co. v. Bankston, (Com. App.) 51 S. W. (2d) 304, 310), he may also earnestly urge or beg the jury to answer certain issues yes and others no, provided the argument is not so made as to inform the jury of the effect the answers will have upon the judgment to be rendered or as to cause the jury first to agree upon the result desired to be accomplished and then designedly make the answers so as to accomplish such result.

■ Error is assigned to the argument of counsel for the plaintiff when he said: "If he (plaintiff) had all the money that this company has, it would not compensate him for what he has suffered because it would do him no good." It is contended that this argument called the jury's attention to the difference in financial condition between the plaintiff and the defendant and was calculated to prejudice and inflame the minds of the jury. Though the argument did make reference to the company's money, it did not contrast the financial condition of the plaintiff with that of the defendant. It was part of a discussion of the seriousness of the plaintiff's injuries, and in our opinion it was of such nature and was made under such circumstances that, had objection been made at the time, its withdrawal by counsel or by instruction of the court to disregard it would have ren-

dered it harmless. Robbins v. Wynne, (Com. App.) 44 S. W. (2d) 946.

In closing his argument to the jury counsel for the plaintiff said:

"It is important to answer every question the court has submitted to you, and to answer that question according to the law and the evidence. And when you have done that—and poor Christopher Lee McGinnis sitting, trembling, weeping, with all his manhood gone—at least you can say, 'we have been fair, we have simply treated him as we would expect to be treated.' And I think it is all we can ask you to do, gentlemen; but I do ask you to do that, gentlemen. And I thank you." (Tr. 93.)

■ The objection urged is that this argument is a plea to each juror in arriving at his verdict to put himself in the plaintiff's place. The appeal directly made by the argument is to answer every question according to the law and evidence and it is followed by the statement that when the jurors have done this they can say that they have been fair and have treated the plaintiff as they would expect to be treated. Not every argument containing the bare suggestion to the jurors to consider the case from the standpoint of one of the parties, or as they would have their own cases considered, is ground for reversal. Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 551, 94 S. W. (2d) 416; Rio Grande, E. P. & S. F. R. Co. v. Dupree, (Com. App.) 55 S. W. (2d) 522, 526. We believe the argument, like that in the Dupree case, as construed in Southern Ice & Utilities Co. v. Richardson, (Com. App.) 95 S. W. (2d) 956, 957, "carried no direct appeal to the jurors to put themselves in the place of the litigant," but was rather a general appeal to answer the issues according to the law and the evidence and to treat the plaintiff fairly. Furthermore, no objection was made to the argument at the time it was made.

In his argument to the jury counsel for plaintiff said that the defendant company came with technical defenses to one of the best cases that ever went before a jury and said further in the course of the argument: "If you will watch these cases, gentlemen, I believe you will find that technical defenses are frequently made to a very meritorious case." The argument was a general designation of the defenses as technical. It contained no inflammatory criticism of the defensive issues of contributory negligence and assumed risk submitted to the jury. We think that any harmful effect of the argument would have been removed had objection been made.

■ We do not consider the fifth assignment of error, because that portion of the argument of counsel set out in the statement under the assignment of error was not specified as error in the motion for new trial. Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270; Thompson v. Caldwell, (Com. App.) 36 S. W. (2d) 999.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court October 20, 1937.

Rehearing overruled December 1, 1937.