**WAGLEY et al. v. FAMBROUGH.**

No. 2274.

Court of Civil Appeals of Texas. Eastland.

June 19, 1942.

Rehearing Denied July 10, 1942.

Grisham & Grisham, of Eastland, for appellants.

Frank Sparks, of Eastland, and Floyd Jones and D. T. Bowles, both of Breckenridge, for appellee.

FUNDERBURK, Justice.

Mrs. Dave Wagley, widow of Dave Wagley, deceased, as also A. L. Wagley and Annie J. Wagley, father and mother, respectively, of said Dave Wagley, brought this suit against Alex Fambrough to recover damages—actual and exemplary—for the alleged wrongful death of said Dave Wagley.

In a jury trial, judgment having been rendered on the verdict of the jury in favor of Defendant, Plaintiffs have appealed.

Appellants, who will hereinafter also be referred to as Plaintiffs, in their brief of 185 pages, set forth in numerical order under the heading "Points Upon Which This Appeal is Predicated" a list of 61 "points" comprising over 13 pages of the brief. [1]

Appellee, who will also be hereinafter referred to as Defendant, makes two objections to Appellants' brief. It is first objected, in effect, that from page 165 to 182, inclusive, certain errors are alleged which are not embraced in any of the "points."

[1] Rule 418, Rules of Civil Procedure, provides for a statement of the "Points upon which the appeal is predicated" and further provides that such statement "should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief." The rule as a "rule of action"—the characteristic element of the Blackstone definition of law—fails to prescribe any test for distinguishing the ordinary case requiring but a single page for the state-

We sustain this objection and decline to consider the questions sought to be presented in such way.

The other objection is to our consideration of "points" 2 to 24, inclusive, and to the assignments of error upon which they are dependent for support, upon the grounds, among others, that each such "assignment or point of appeal is * * * too general and does not point out wherein the appellee's pleading is insufficient and as presented * * * are confusing, unintelligible, and not presented in such way that this court is able to pass upon the alleged complaints and this appellee is unable to answer the same herein."

What is a point? Does a point in the appeal of a case in which a motion for new trial is required mean the same thing, or have the same function, as a point in the appeal of a case wherein no motion for new trial is required? Presumably, the answers to these questions are to be found, if at all, in the provisions of the Rules themselves and particularly Rules 320, 321, 322, 324, 374 and 418. The former practice of requiring assignments of error is, by Rule 374, abolished as to all cases in which, under Rule 324, a motion for new trial is not required as a "prerequisite" to an appeal. In all other cases, assignments of error are required. Points are made an indispensable part of every brief. That assignments of error, in addition to points, are required in all cases except where no motion for new trial is required is implicit in the provision of Rule 418 to the effect that the points must be germane to one or more assignments of error. Rule 374 makes express provision that in cases in which a motion for new trial is required, such motion shall constitute the assignments of error.

In the former practice the function of an assignment of error was to designate, point out, or identify a particular ruling (action or proceeding) of the court claimed upon appeal to be erroneous. Clarendon Land, Investment & Agency Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105. It was held that the reasons why it was claimed that, in a particular ruling, the court had erred constituted no part of the assignment of error. Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819, 43 L.R.A. 593; Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S.W. 29, 750, 35 L.R.A. 241. The Legislature in R.S.1925, Art. 1844, Vernon's Ann.Civ.St. Art. 1844, prescribed a test of the sufficiency of an assignment of error in these words: "an assignment shall be sufficient which directs the attention of the Court to the error complained of." Herein was legislative recognition of the function of an assignment of error in harmony with the Supreme Court's decision in Clarendon L., I. & A. Co. v. McClelland, supra. The word "error", of course, referred to the alleged wrong ruling of the court and not to the reasons why it was claimed to be wrong. But Art. 1844 has, perhaps, been repealed; and Rule 418, making provision for a statement of the points upon which the appeal is predicated, further provides that "Such points will be sufficient if they direct the attention of the court to the error relied upon * * *." Here is plainly expressed recognition that a "point" serves the purpose, or performs the function, which an assignment of error did under the former practice. But if so, it is natural to wonder why in some cases (those in which a motion for new trial is required) assignments of error in addition to points are required. Certainly it would seem there has been no change in meaning or function of assignments of error. Then why require both points and assignments of error when by the prescribed test of the sufficiency of each they perform exactly the same function? Next, this question occurs: if in any case both points and assignments of error are required, why not in all cases? In the appeal of cases in which no motion for new trial is required by the Rules, and as to which Rule 374 provides that "in such cases no assignments of error shall be necessary", what has been substituted to perform the function of assignments of error? The answer to this question by the Rule is as follows: "Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, shall be included in the statement of points * * *." While this answers the last question, it raises another: does a point which serves the dual purpose of a point and assignment of error have the same characteristics as a point which under Rule 418 is required to be "germane to one or more assignments of error" and

---

ment of points from the extraordinary case justifying a longer statement. It appears, therefore, that the rule is in-

effective as providing an enforcible means of requiring brevity in the statement of the points.

"need not be copied in the brief" although the point itself must be included in the statement of points in the brief? If the answer be no—that it does not have the same characteristics—then wherein does it differ? Would the definition of one kind of point be a good definition of the other kind? If the answer be that the two kinds of points do have the same characteristics, then it becomes even harder to understand why should both assignments of error and points ever be required in any case.

■ There is absent any express provision in any of the Rules to the effect that a point is the same thing as a proposition in the former practice, or a substitute therefor. But the identity of points and propositions, as to subject matter, was recognized in Rule 30 (142 S.W. xiii) established in 1892. That rule provided that "each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point * * *." This rule was amended in 1921 by a provision relating to "propositions or points" employing the terms interchangeably or as meaning the same thing. Wright v. Maddox, Tex.Civ.App., 286 S.W. 607; Texas Employers' Ins. Ass'n v. Teel, Tex.Civ.App., 40 S.W.2d 201; Sheppard v. City & County of Dallas Levee Imp. Dist., Tex.Civ.App., 112 S.W.2d 253; Morrison v. Sewell, Tex.Civ.App., 4 S.W.2d 1029. Since points and propositions prior to the new rules were understood to mean the same thing, the provisions of new rules relating to points, with no definition of the term, would seem to imply the intention of the lawmakers that the word be understood the same as before.

Now the primary and distinguishing characteristic of a proposition, or point, under the former practice was that it constituted the statement of a reason why the court, in a particular ruling or action, erred as alleged in the assignment of error to which such proposition or point was germane. It would seem to follow that a purported point which fails to state any reason why the court, in a particular ruling or action, has erred, as contended, would not be a point within the provisions of the Rules. The reasonable conclusion would appear to be that a purported point from which was absent the statement of any reason designed to support a contention that a particular ruling was wrong would be ineffective to authorize appellate review of any particular ruling or action of the trial court. For example, Appellants' Second Point is: "The error of the court in overruling plaintiffs' exception to allegations of inadmissible matter." It obviously does not purport to state any reason why the court erred in overruling the exception. It would constitute no proposition or point at all under the former practice. Rather somewhat like a subject index it purports to identify a particular assignment of error distinguishing it from the other assignments of error.

■ There is, however, a seemingly insuperable obstacle to the conclusion that this point does not comply with the New Rules. As said before, Rule 418 provides as to points the same as was formerly provided as to assignments of error, viz., that "such points will be sufficient if they direct the attention of the court to the error relied upon." In other words, a purported point although it states no reason why it is contended that the court has erred in any ruling or action is nevertheless sufficient if it simply refers to a particular ruling or action, thereby identifying it as one claimed to be erroneous. By such test, we think points 2 to 24, inclusive, are not subject to the objections urged to their consideration. And since the test of the sufficiency of an assignment of error is the same as a point it also follows from the conclusion that the objections to the points are not well taken, that the objections to the assignments of error are also not well taken and should be overruled.

Not apprised by assignments of error or points of the reasons why Plaintiffs contend the court erred in at least 61 rulings which we are asked to review; and not required by the rules to be so apprised of same; we find ourselves as a consequence under the burdensome duty of laboring through Plaintiffs' long brief to see if we can find in the statements from the record and/or arguments of counsel one or more good reasons why the judgment should not be affirmed.

■ ■ We overrule the first point which challenged the correctness of the court's action in overruling Plaintiffs' motion for change of venue. If there was any evidence to support a conclusion that there existed in Stephens County so great a prejudice against Plaintiffs, or any of them, that they could not obtain a fair and impartial trial, such evidence did not, we think, conclusively establish such fact. The court's

action in overruling the motion implies, of course, a finding upon the issue against Plaintiffs.

There was no evidence of any combination against the Plaintiffs instigated by influential persons. If, in this connection, we have overlooked or misinterpreted some of the evidence, then at any rate such evidence, if any, was, in our opinion, not conclusive in favor of the change of venue, and Plaintiffs are bound by the implied finding against them upon the issue.

■ We have some doubts whether Plaintiffs' motion, properly interpreted, tendered any other independent "sufficient cause" for a change of venue. If so, however, any such cause is by the terms of R.S. 1925, Art. 2170 "sufficient" only when "determined by the court" to be so.[2] The court's action on the motion implies a determination against Plaintiffs of the existence of such cause, the same as in the other two instances.

Under Appellants' 32nd point the contention is made, in effect, that the court erred in overruling objection to that part of the argument of counsel for Defendant addressed to the jury wherein he said: "Now, gentlemen of the jury, when you return your verdict we ask you to do so as you would have it done if Mr. Fambrough occupied the places that you occupy and you were on the outside, out here in the place that Mr. Fambrough occupies." This point, in the present state of the authorities, presents considerable difficulty. In Texas & P. R. Co. v. Short, Tex.Civ.App., 62 S.W.2d 995, 1000, the propriety of an argument was challenged wherein counsel had told the jury "Give her what you would have under the Golden Rule, or treat her as you would wish to be treated under the same or similar circumstances." Our decision of that question was ruled by our interpretation of the decision in Rio Grande, E. P. & S. F. R.

Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522, declared in our previous decision in Southern Ice & Utilities Co. v. Richardson, Tex.Civ.App., 60 S.W.2d 308, 311. The conclusion was: "If that argument [that is, in the Dupree case] was not improper, neither is this." We further said: "In the absence of any reliable rule which would enable us to test the legality of the argument by application of recognized principles, we are unwilling to hold that the argument was improper, and therefore reversible error." Writ of error, although refused in the Short case, was granted in the previously decided Richardson case wherein, upon our interpretation of the Dupree case, as said before, we had held to be not improper an argument of Plaintiff's counsel to the jury who, after alluding to an alleged abortion caused by the injury, and "striking down of a human life, even in its inception" asked the jury "How would you feel about it if it was your wife?" The Supreme Court reversed our holding upon this point, saying in its opinion: "While the Court of Civil Appeals condemns the argument as improper, it was constrained by the holding as interpreted by it upon a somewhat similar state of facts in the case of Rio Grande, E. P. & S. F. R. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522, to overrule the assignment. The argument there involved carried no direct appeal to the jurors to put themselves in the place of the litigant in considering the injury. It was more in the nature of a general appeal to the jurors to apply the golden rule." Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, 957. This court later passed upon an assignment in a case wherein was challenged the propriety of an argument, in which the jurors were told: "You gentlemen, in arriving at your verdict, should put yourselves in Mr. Lovejoy's shoes and consider how you would feel in the event it were your wives who had been

---

[2] It is doubtful if the power purportedly conferred upon the court in paragraph 3 of Art. 2170 is judicial power within the meaning of the three-part-separated powers of government as provided in Const. Art. 2, sec. 1, Vernon's Ann.St. By the statute the Legislature, in paragraphs 1 and 2, prescribed two causes for a change of venue. In doing so, the Legislature was undoubtedly exercising its proper legislative power. The statute then in paragraph 3 purports to confer upon the court the power to determine other causes. In exercising such power, would the court be performing its judicial function of interpreting the provisions of the statute? Rather, it would seem, the action of the court would constitute the creation of an otherwise nonexistent legal cause for change of venue. It is difficult to see that the exercise of such power by the court would not be the exercise of legislative power, the same as that exercised by the Legislature in prescribing the two causes for a change of venue, specified in paragraphs Nos. 1 and 2.

damaged to the extent that Mrs. Lovejoy has been damaged." Texas Coca Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 112 S.W. 2d 203, 204. Upon our understanding of the distinction declared in the Richardson case, supra, between the argument in that case, which was held to be improper, and to require a reversal; and the argument in the Dupree case, supra, which was held to be proper and no obstacle to an affirmance, we held the argument in the Lovejoy case to be improper and to require a reversal of the case.

In Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416, 420, the argument involved was as follows: "Any of you men if you have got children just figure yourselves in that position. You saw that child's injury. Do you think there is any—do you think that any of you men want to have anything like that on your left leg? That is not a boy there—that is a little girl." Objection to the argument was made to the effect that "it amounts to an invitation to the jurors, by putting themselves in the place of one of the litigants, to decide the issues from a prejudiced viewpoint instead of reaching conclusions from an impartial consideration of the evidence." The court in disposing of the point said: "That portion of the argument to which objection is made is brief and disconnected, and, on the whole, was intended to emphasize the seriousness of the injury to plaintiff in error rather than to induce the jurors to decide the issues from a prejudiced viewpoint. We do not think it was such improper appeal to prejudice, passion, or sympathy as to afford sufficient reason for reversal."

In Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160, 164, the argument under challenge was: "It is important to answer every question the Court has submitted to you, and to answer that question according to the law and the evidence. And when you have done that—and poor Christopher Lee McGinnis sitting, trembling, weeping, with all his manhood gone—at least you can say, 'we have been fair, we have simply treated him as we would expect to be treated.' And I think it is all we can ask you to do, gentlemen; but I do ask you to do that, gentlemen. And I thank you." To this argument the objection was that it "is a plea to each juror in arriving at his verdict to put himself in the plaintiff's place." The court said: "The appeal directly made by the argument is to answer every question according to the law and

evidence and it is followed by the statement that when the jurors have done this they can say that they have been fair and have treated the plaintiff as they would expect to be treated. Not every argument containing the bare suggestion to the jurors to consider the case from the standpoint of one of the parties, or as they would have their own cases considered, is ground for reversal. Ochoa v. Winerich Motor Sales Co. [supra]; Rio Grande, etc., R. Co. v. Dupree [supra]. We believe the argument, like that in the Dupree case, as construed in Southern Ice & Utilities Co. v. Richardson [supra], 'carried no direct appeal to the jurors to put themselves in the place of the litigant,' but was rather a general appeal to answer the issues according to the law and the evidence and to treat the plaintiff fairly. *Furthermore, no objection was made to the argument at the time it was made.*" (Italics ours.)

In Metropolitan Life Ins. Co. v. Moss, Tex.Civ.App., 109 S.W.2d 1035, 1038, counsel had said to the jury, one of whom was Mr. Anderson, "Gentlemen of the Jury: and you, Mr. Anderson * * * there sets the widow and orphaned children of Ira B. Moss, * * * and I ask you to do for them what you would have done for you in this case." This was held to be improper argument, resulting in a reversal.

What is the controlling principle of distinction between Southern Ice & Utilities Co. v. Richardson, supra, on the one hand, and Rio Grande, etc., R. Co. v. Dupree, supra, Ochoa v. Winerich Motor Sales, supra, and Texas & N. O. R. Co. v. McGinnis, supra, on the other? Is the distinction made that if the argument is a *direct* appeal to the jurors, in effect, to put themselves in the place of one of the litigants, it is improper; but if such appeal is *indirect,* it is not improper? Or, is it that if such appeal is primary or independent it is improper, but if only incidental to a proper appeal it is not improper? It is exceedingly difficult to deduce any satisfactory answer from the decisions. In Ochoa v. Winerich Motor Sales Co., supra, the court said: "That portion of the argument to which objection is made is brief and disconnected" etc., thus impliedly negativing the idea that the distinction rests upon whether or not the appeal is independent, or only incidental. In the McGinnis case, the alleged improper argument ended thus "I do ask you to do that, gentlemen. And I thank you." Do what? Among other things, be able to

say, " 'We have simply treated him as we would expect to be treated.' " It is hard for us to see why this argument was not as direct an appeal as "How would you feel about it if it was your wife?"—the direct appeal involved in Southern Ice & Utilities Co. v. Richardson, supra.

No controlling effect was purported to be given in the McGinnis case to the fact that no objection was made at the time. Such was not the basis of distinction as appears from the fact that no objection was made at the time in the argument in the Richardson case.

In the state of the decisions we would, perhaps, be justified in pursuing the course announced in Texas & P. R. Co. v. Short, supra, as above quoted, until some rule is plainly and authoritatively stated by which a litigant, before he incurs the cost of an appeal, may know whether an argument duly assigned as the basis of error is improper as an appeal to the jury to consider the case from the standpoint of one of the litigants. However, there seems to be no escape from the conclusion that the principle of the distinction declared by the Supreme Court is that inherent in the difference between a direct and an indirect appeal. This was the interpretation that we applied in the Lovejoy case, supra, and as to whether the appeal is direct or indirect there is no distinction to be made between the argument in this case and the argument in that case.

Believing that the argument in this case falls within the principle of such distinction declared in the Richardson case, as we understand it, and subsequently followed by us in the Lovejoy case, we think it was improper; that it was reasonably calculated to prejudice the rights of the plaintiffs, and, therefore, presumably did so.

Plaintiffs' 60th point presents a contention to the effect that the court erred in overruling Plaintiffs' request to limit all testimony relating to title to the land and instruct the jury to consider such testimony only on the issue of malice relating to the claim for exemplary damages. Under Defendant's answer, such testimony was admissible upon two issues: (1) Justification of the homicide in defense of property, and (2) the issue of malice. Under the evidence, however, no issue was raised as to which title to the property was material, except as to the issue of malice involved in the claim for exemplary damages. One of two issues, relating to which said evidence was admissible, not having been raised by the evidence, it was the duty of the court, we think, to have given the limiting instruction requested, and the court erred in failing to do so. Jones v. Jones, Tex.Civ.App., 82 S.W.2d 1035, and authorities cited.

We have considered all the other points. To state the reasons why we think none of them would require a reversal of the case would unduly prolong the opinion. We have considered them all and overrule them without further discussion.

It being our opinion that, for the errors pointed out, the judgment should be reversed and the cause remanded, it is accordingly so ordered.