Paula HARRIS, Appellant,

v.

Mallie REEVES, a Widow, Appellee.

No. 4640.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1967.

Rehearing Denied Dec. 7, 1967.

M. Hendricks Brown, Brown, Day & Crowley, Fort Worth, for appellant.

Massie Tillman, Fort Worth, Herschel C. Winn, Cleburne, for appellee.

OPINION

WILSON, Justice.

Appellant-defendant in this automobile collision case attacks adverse jury findings of her negligence and of proximate cause as having no evidence, or insufficient evidence, to support them. We affirm the judgment under which plaintiff recovered damages.

The collision occurred on a paved two lane farm-to-market road in the daytime. The minor defendant was driving South approaching a driveway she planned to enter, which required a left turn. Plaintiff's car was traveling North.

The jury found defendant failed to keep a proper lookout, that she turned her car

to the left immediately before the collision, and that she drove on to plaintiff's side of the highway. Negligence in these respects was found to be a proximate cause of the occurrence.

■ If any of these grounds of recovery are supported by adequate evidence, it is unnecessary to pass on defendant's points concerning the other grounds, for the judgment is sustainable by the single group of supported findings; and error applicable only to the other grounds is harmless. Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; Thompson v. Keene, Tex.Civ.App., 281 S.W.2d 167, 169, writ ref. n. r. e.

■ In our opinion there is ample evidence to support the findings concerning negligent failure to keep a proper lookout and proximate cause.

Defendant testified she saw the adverse vehicle and stopped. The jury was not required to believe she stopped. Emphasis is directed by defendant to a negative jury answer to an issue inquiring whether the jury found from a preponderance of the evidence that defendant later started from a stop. This is not an ultimate, but an evidentiary issue. It is not an element of, nor material on the independent grounds of recovery or defense. It does not control the judgment to be rendered. Defendant says the findings on failure to keep a proper lookout will not support the judgment unless there is a finding she "was moving at the time of the collision" and that she "had started from a stopped position across the center of the highway." The premise is not sound. Whether she was moving or stopped is evidentiary only, as to proper lookout, on questions concerning standard of care and causation. The effect of the jury finding is only that it failed to find the affirmative of the issue. For the same reasons arguments concerning claimed conflicts in findings are untenable.

Defendant testified: "Q. Now, just at the moment of collision, were you looking at the car that was coming toward you? A. No, sir; I wasn't"; that she didn't think she knew what was happening; that she was looking at her father and several cars in the driveway as she approached; that at the moment of collision she "was probably looking over toward the driveway". She could not tell when she again looked up; "It could have been a second before the accident. I don't really know." She "wasn't looking at his car" just prior to the collision with the car driven by plaintiff's husband. "No, sir; I didn't see it," she testified. The collision took her "by surprise." She didn't see the other driver turn; "I wasn't watching" him. The points concerning legal and factual inadequacy of evidence on the proper lookout findings are overruled, as are those asserting objections of immateriality and assumption of facts.

If we were required to determine whether the evidence supported other findings of negligence and proximate cause, we would hold that it did so, and we would overrule appellant's other points concerning those issues.

■ Complaint is presented of admission in evidence of testimony of the investigating highway patrolman as to his opinion of the point of impact. It is urged that his opinion was based in part on what an eyewitness told him. The officer examined debris and physical circumstances. He was asked: Q. "Can you give us an opinion as to the location of the point of impact without regard to what this witness told you? A. Yes sir." He then marked a diagram so as to indicate his opinion. We find no objection in the record nor complaint in the brief to the patrolman's testimony as to what witnesses told him. When the patrolman's entire testimony is considered, the complaints do not reflect reversible error.

■ Testimony of an absent witness on another trial of the same case was admitted over defendant's objection that no proper predicate had been laid for its admission. The evidence was that the witness was

unable to attend the trial because she was ill with bronchial pneumonia and was taking medication for the illness. The witness was cross-examined on the former trial. The issues were substantially the same. Under these circumstances the testimony was admissible as against the objection. Houston Fire & Casualty Insurance Co. v. Brittian, Tex.Sup. (1966) 402 S.W.2d 509, syl. 1; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 697.

We are pressed to hold the evidence is insufficient to show the death of plaintiff's husband was caused by the collision. He was alive just before, and dead immediately after the impact. There were massive wounds over his body, detailed by the examining physician. The point is overruled, together with that complaining of admission of the physician's opinion of cause of death.

All other points have been considered and are overruled. Affirmed.